[Civ. No. 7054. Second Appellate District, Division One.—January 22, 1932.]

## HENRY BACON, Appellant, v. W. W. GLENN, Respondent.

Clarence A. Jones for Appellant.

J. E. Light for Respondent.

TAPPAAN, J., *pro tem.*—The plaintiff here appeals from a judgment entered upon an order sustaining a demurrer to his complaint without leave to amend. The third ground of demurrer, that the cause of action set up in the complaint is barred by sections 337, 338, 339, of the Code of Civil Procedure, is the only question here presented.

The complaint sets forth that the plaintiff leased from defendant certain real property for the term of one year. The lease, a copy of which is attached to the complaint, gave to plaintiff an option to an additional term of four years. Defendant, after the expiration of the first year,

evicted, ousted and drove plaintiff from the leased premises, although plaintiff theretofore had notified the defendant that he would exercise his option for the additional term. Plaintiff, upon this appeal, takes the position that the implied covenant for quiet possession under the lease (sec. 1927, Civ. Code) is a continuing covenant for the term of the lease; that defendant's breach of the covenant was temporary in character, and that his cause of action was in no way limited by the date of the breach, but continued during the additional term of four years.

The act of which plaintiff complains occurred some time in the month of August, 1924. The complaint herein was filed June 14, 1929. It nowhere appears that plaintiff, subsequent to August, 1924, was ever in possession of the leased premises. To quote from plaintiff's complaint: "until on or about the last of August, 1924, at which said time said lessor ousted and evicted the lessee from said premises, and ever since said date during the entire period of said lease has continuously prevented this plaintiff from entering upon said premises . . . ". At another place in the complaint plaintiff places the date of eviction as August 1, 1924. The act of which plaintiff complains constitutes a trespass, and as the complaint alleges, "defendant evicted, ousted and drove the plaintiff from said premises" would seem to come within the common-law classification of trespass *quare clausum fregit.* (*Reiner* v. *Schroeder,* 146 Cal. 411, 415 [80 Pac. 517].) That this amounts to a breach of the implied covenant of quiet possession there seems to be no question. (*Levitzky* v. *Canning,* 33 Cal. 299; *McAlester* v. *Landers,* 70 Cal. 79 [11 Pac. 505].) Plaintiff's cause of action was complete upon the breach in August, 1924, and he never had, or regained possession of the premises. The plaintiff as of the date of the breach in August, 1924, could sue for his damages arising therefrom, or, at his option, maintain an action to regain the possession of the premises. It nowhere appears that plaintiff made any attempt to regain possession of the premises, nor, until the finding of the present action, to secure damages for the breach of the covenant of the lease. Plaintiff cites and relies upon the case of *Levitzky* v. *Canning, supra.* In that case the lessee was at all times in possession of the premises under the terms of an existing lease, and the acts complained of were

of such nature that they limited his use and enjoyment of the premises during the terms of the lease. The question of the statute of limitations was not involved. In the case presented here, which is one of trespass, and in which possession of the premises was taken under circumstances indicating a permanent ouster, the rule as contended for by plaintiff is inapplicable. In cases where the acts complained of constitute a nuisance, our courts under their equitable jurisdiction (sec. 731, Code Civ. Proc.), in some cases have granted incidental relief by way of damages, but no authority has been cited in our reports sustaining that position in cases of trespass, where the plaintiff was out of possession permanently for a period longer than limited by the statute of limitations.

In the case of *Kafka* v. *Bozio,* 191 Cal. 746, at 750 [29 A. L. R. 833, 218 Pac. 753, 755], the rule is stated as follows: "Where a trespass consists of a physical entry upon the lands of another and taking possession thereof under such circumstances as to indicate an intention that the trespass shall be permanent, the law may regard the wrong done in such case as complete at the time of the entry and allow recovery in a single action of all damages resulting therefrom, including prospective as well as past damages. . . . In such a case the statute of limitations runs from the time of the original entry."

The cause of action in the present case arose in August, 1924, and the bar of the statute of limitations was complete in August, 1928, long prior to plaintiff's instituting the present action. The complaint upon its face shows these facts and the demurrer was properly sustained without leave to amend.

For the above reasons, the judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.