**Jean H. MIMS, Plaintiff,**

v.

**The UNITED STATES of America, Fred J. Russell, Acting Secretary of Interior and R. Taylor Hoskins, Superintendent, Shenandoah National Park, Defendants.**

**Civ. A. No. 70-C-26-C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

March 27, 1971.

John C. Lowe, John T. Schell, III, Lowe, Dwoskin & Gordon, Charlottesville, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The present action before this court was instituted by the plaintiff on December 11, 1970 by filing a complaint in this court against the United States of America as represented by the named defendants, Fred J. Russell, acting Secretary of the Interior and R. Taylor Hoskins, the Superintendent of the Shenandoah National Park. The complaint alleges that the Government is in possession of certain real property situated in Madison County, Virginia, title to which is lawfully in the plaintiff. The complaint joins the two individual defendants solely on the basis of their respective governmental offices since Mr. Russell as acting Secretary of the Interior is given ultimate responsibility for the administration of the National Park Service and Mr. Hoskins is responsible for the particular park in controversy. There is no allegation that the officers' actions are not within their statutory powers or that the grant of such powers or that their exercise in this particular situation is constitutionally void.

The pleadings in this case are rather unhappily drafted. The jurisdiction of this court is said to arise under sections 1331, 2201 and 2202 of Title 28 of the United States Code. This is entirely erroneous. Section 1331 is the primary provision authorizing the district courts to exercise jurisdiction in civil cases wherein the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and otherwise arise under the Constitution, laws or treaties of the United States. Here, there has been no allegation as to the $10,000 jurisdictional amount and furthermore there has been no citation to any provision in the Constitution, laws or treaties of the United States under which such a claim could arise. In addition to the two defects previously noted, there is no allegation anywhere that the United States has given its consent to be sued under these conditions. It must be remembered that sections 2201 and 2202 of Title 28 U.S.C. relating to declaratory judgments are not independent grants of jurisdiction to the federal courts. The purpose of these provisions is merely re-

medial in nature in that these sections simply provide an additional remedy where other independent grounds of jurisdiction already exist.

When actions such as the present proceeding are brought against the United States as a defendant, the proper basis for the jurisdiction of the district courts is 28 U.S.C. section 1346. Such an action can be maintained in the district courts pursuant to section 1346 only when the civil action or claim against the United States is for money damages in an amount less than $10,000. Otherwise, when the amount claimed is in excess of $10,000, the proper forum in which to bring such an action for money damages is the U. S. Court of Claims, 28 U.S.C. section 1491. The Tucker Act as presently embodied in section 1346(a) (2) reads as follows in support of the jurisdiction of the federal district courts to award money damages,

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

However, in the present case the plaintiff is not asking for money damages, but is asking for a declaratory judgment against the United States and its officers seeking to adjudicate the title to certain real property. This court cannot grant such relief unless the United States consents to be sued in the district courts on such prayers for special relief. This it has not done. Perhaps, no principle of law is better established than that the United States may not be sued without its consent. Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525; Larson v.

Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.

As the Supreme Court stated in *Larson, supra,* at 703, and 704, 69 S.Ct. at 1468,

It is argued that the principle of sovereign immunity is an archaic hangover not consonant with modern morality and that it should therefore be limited wherever possible. There may be substance in such a viewpoint as applied to suits for damages. The Congress has increasingly permitted such suits to be maintained against the sovereign and we should give hospitable scope to that trend. But the *reasoning is not applicable to suits for* specific relief. For, it is one thing to provide a method by which a citizen may be compensated for a wrong done to him by the Government. It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act. There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign. The Government, as representative of the community as a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed question of property or contract right.

The immunity of the Government also extends to its agencies, the Department of the Interior and the National Park Service as well as the officers of these agencies. There is no statutory authority for naming the United States as a party defendant since it has nowhere given its consent to be sued under the present conditions. Therefore, there can be no relief had against the United States in the present action. Furthermore, relief can be had against the two individual named defendants only in the event that the officer is exceeding his statutory powers in holding the property claimed by the plaintiff or that his statutory powers are constitutionally void. Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.

**492**

Ct. 1457, 93 L.Ed. 1628; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed. 2d 168; Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 and Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191.

 In the present case there has been no allegation of either an unconstitutional grant of authority to the named defendants or that they have exceeded the scope of their authority. The Supreme Court in *Larson, supra,* 337 U.S. at 693, 69 S.Ct. at 1463 has clearly spoken to this problem when it stated,

> The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet that requirement. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers, the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented.

In the absence of a claim of constitutional limitation, the necessity of permitting the Government to carry out its functions unhampered by direct judicial intervention outweighs the possible disadvantage to the individual citizen being relegated to the recovery of money damages after the event. *Larson, supra,* at 704, 69 S.Ct. 1457. Therefore, insofar as this action seeks a declaratory judgment against the United States and its officers, the present attempt to secure an adjudication of the title to the real property in question must necessarily fail. The district courts are not empowered to give specific relief against the Government in such a situation without its consent. This does not mean that the plaintiff may not assert any legal claim which she might have for money damages against the Government under the Tucker Act provisions of 28 U.S.C. section 1346(a) (2) or section 1491 where such consent has been given. The proper forum for such an action will be either the district court or the Court of Claims depending on the jurisdictional amount which must be properly set forth in the complaint.

Accordingly, it is ordered that the motion of the defendant, the United States of America, to dismiss this action as to it and its two named officers should be and hereby is granted.