**Jean H. MIMS, Plaintiff,**

v.

**UNITED STATES of America, Rogers C. B. Morton, Secretary of the Interior**

**and**

**R. Taylor Hoskins, Superintendent, Shenandoah National Park, Defendants.**

**Civ. A. No. 70-C-26-C.**

United States District Court, W. D. Virginia, Charlottesville Division.

Oct. 2, 1972.

---

John C. Lowe, Charlottesville, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendants.

## OPINION and ORDER

DALTON, District Judge.

The plaintiff, Jean H. Mims, initially brought this action on December 11, 1970, by filing a complaint in this court against the United States and certain federal officers, seeking a declaratory judgment in regard to title to certain property. This court held, on March 27, 1971, that the complaint, insofar as it sought a declaratory judgment against the United States and its officers, in regard to title to real property, was insufficient where there was no allegation of consent by the United States to be sued, and no allegation of either an unconstitutional grant of authority to named federal officers or any allegation that they exceeded the scope of their authority. Mims v. United States, 324 F.Supp. 489 (1971).

Subsequent to a dismissal of the complaint, plaintiff filed, on April 26, 1971, a motion for reconsideration, along with a motion for leave to amend and an amended complaint. In an order dated April 28, 1971, this court granted plaintiff's motions for reconsideration and leave to amend, and permitted the filing of the amended complaint. The court also vacated the opinion and judgment dated March 27, 1971, and restored the case to an active status. The amended complaint sought ejectment of the defendants from the land in question and sought declaratory judgment to the effect that the land is owned by plaintiff. The jurisdiction of the court was said to be predicated upon Sections 1346, 2201 and 2202 of Title 28 of the United States Code.

Defendants filed a motion to dismiss plaintiff's amended complaint on May 20, 1971. On November 22, 1971, this court granted leave to plaintiff to further amend her complaint. On November 24, 1971, plaintiff amended her complaint to seek damages of $2,000 for trespass and deleted her claims for ejectment and declaratory judgment. She further limited jurisdiction of this court by bringing her complaint solely under Section 1346 of Title 28 of the United States Code. The defendants renewed their motion to dismiss on December 17, 1971.

Plaintiff's complaint is once again against the United States of America as represented by the named defendants, Rogers C. B. Morton, Secretary of the Interior, and R. Taylor Hoskins, the Superintendent of the Shenandoah National Park. The complaint alleges that the defendants have negligently trespassed upon certain real property situated in

842

Madison County, Virginia, claimed to be owned by the Shenandoah National Park, but allegedly owned by the plaintiff. The land in question allegedly was not included in the decree of the condemnation proceedings that were used to establish the Shenandoah National Park. The complaint joins the two individual defendants solely on the basis of their respective government offices since Mr. Morton, as Secretary of the Interior is given ultimate responsibility for the administration of the National Park Service and Mr. Hoskins is responsible for the particular park in controversy. There is no allegation that the officers' actions are not within their statutory powers or that the grant of such powers or that their exercise in this particular situation is constitutionally void.

The complainant in the present action claims to have been damaged to the extent of $2,000 over the past two years because of the trespass upon her property by the defendants, by their tortious interference with her use of the property and by the wrongful threats of criminal prosecution if she exercised ownership of her property.

This court will not consider the question of ownership of the property, although certain evidence indicates that she has a good claim to it. Before such a question may be considered by this court, the plaintiff must fully exhaust the administrative remedies provided by the Department of the Interior. This court has not been asked to decide ownership, but to decide the question of damages. In so doing, there are four areas which must be reviewed before a determination on the question may be made:

1. Jurisdiction;

2. Statute of Limitations;

3. Exhaustion; and,

4. Sovereign Immunity.

Plaintiff brings this action under Section 1346 of Title 28 and the court must consider if it has proper jurisdiction to hear the complaint. Section 1346(a)(1)

grants to the district courts jurisdiction to hear tax refund suits and therefore is not an applicable basis for the claim of plaintiff here. Section 1346(a)(2) is likewise not applicable since it is limited to claims for money damages "not exceeding $10,000" founded upon federal law, the Constitution, or an express or implied contract made with the sovereign, excluding cases "sounding in tort." Since plaintiff's action is for "negligent trespass," it is a tort claim and plaintiff seeks jurisdiction under Section 1346(b), which embodies the jurisdictional grant of the Federal Tort Claims Act. Section 1346(b) gives the district courts jurisdiction for tort claims caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." Plaintiff claims that defendants have "negligently trespassed on lands claimed by the Shenandoah National Park of the National Park Service but owned by plaintiff." However, the ownership of such land is still in dispute. In condemnation proceedings which took place in the 1930's, certain land was condemned by the Commonwealth of Virginia, out of which the Shenandoah National Park was formed. In an order entered on January 17, 1934, in the Madison County Clerk's Office, recorded in Deed Book 53 at page 202, Tract No. 131, the Fray and Miller lands (property adjoining plaintiff's land) was awarded $8,417.50, but No. 126 and No. 93-a (property presently owned by plaintiff) was not mentioned. In an order of June 19, 1934, recorded in Deed Book 53 at page 325, the boundaries of the condemned land were described and tracts outside of those boundaries recorded were specifically dismissed. Plaintiff contends that Tracts 93-a and 126 were left outside the Park by the Commission.

However, in a letter to plaintiff from the Department of the Interior, Office of the Solicitor, dated August 22, 1969, and signed by Bernard R. Meyer, Associate Solicitor, Parks and Recreation, he states

"Our contention is that the wedge shaped parcel of 8.58 acres to which you claim ownership, covered under Tract 131 as shown on the map, was taken in condemnation as a part of Tract 131; even though it may then have been owned by those who also owned the lands covered under Tract 93–a and Tract 126, which tracts were dismissed from the complaint. These tracts did not purport to follow exactly the ownership lines."

It is further stated in the letter that "An award was made for the so-called Fray and Miller Tract No. 131 which we say covered the parcel in question, in the amount of $8,417.50. W. L. Brown (owner of Tracts Nos. 93–a and 126) apparently did not share in the distribution of this award because he made no claim to Tract No. 131."

Mr. Meyer states that:

"The federal government would have no basis to bring any action against the officials of Madison County to compel them to conform their records. However, we will advise the National Park Service to make available to them, upon request, whatever title data now in its possession that would enable them to correctly reflect in their records the true ownership of the parcel in question."

■ This indicates to the court that a genuine factual dispute regarding the ownership of the land is still in question, and until it is resolved no action for "negligent trespass" against an employee of the government may be maintained. Furthermore, this court believes that plaintiff's claim falls within Section 2680(a) of Title 28, which lists exceptions to claims made under Section 1346(b). Subsection a of Section 2680 removes from the jurisdiction of Section 1346(b)

"Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the ex-

ercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

In this instance, assumption of ownership of the land in question by the United States Government, represented by the defendants in this action, is a "discretionary function" within the scope of Section 2680(a). "Discretionary function" had been defined as "a function or duty which necessarily requires the exercise of reason in the adaption of means to an end, discretion as to how, when, or where an action shall be done, and the course to be pursued in the attainment of Congressional programs." Fahey v. United States, 153 F.Supp. 878 (S.D.N.Y.1957). In order to fall within the "discretionary function" exception to liability for negligence under Section 2680(a), the act complained of must involve exercise of discretion on the planning or policy-making level, as distinguished from operational level. State of California v. United States, 151 F.Supp. 570 (N.D.Cal.1957). In this instance, the United States Government has exercised its discretion in planning and setting up the Shenandoah National Park. Its claim to the lands in question is within the discretion of the government, and therefore "there can be no recovery against the Government on any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved was abused ＊ ＊ ＊ properly, improperly or negligently exercised." Bulloch v. United States, 133 F.Supp. 885 (C.D.Utah 1955). Even if defendants in this action negligently exercised their discretion in taking the land, which plaintiff has not adequately proven, Section 2680(a) of Title 28 still precludes recovery.

■ Another jurisdictional aspect which may be grounds for dismissal is

the statute of limitations question. The applicable statute of limitations, 28 U.S.C. § 2401(b), is two years for tort claims against the United States. Plaintiff contends that "the trespass is a continuing tort and each day the trespass continues is a new tort cause of action for which plaintiff is entitled to damages." Her authority for this is City of Richmond v. James, 170 Va. 553, 197 S.E. 416, 116 A.L.R. 967, an action in which plaintiff recovered for injury due to inhalation of gas fumes escaping into her residence from city mains. The court observed that the statute of limitations "begins to run at the time of the commission of the wrongful or negligent act, and not from the time of the damage or discovery of the injury." Nevertheless, the court held that in a sequence of negligently and similarly occasioned bodily injuries, a cause of action is born with each instance of harm. This can be distinguished from the present case, for in the present case there are no "bodily injuries" which have been caused by defendants' negligence. Therefore, the usual rule that the statute of limitations "begins to run at the time of the commission of a wrongful or negligent act, and not from the time of the damage or discovery of the injury" should be applied. The cause of action occurred in 1934, when the land in question was supposedly condemned by the Commonwealth of Virginia. Since the cause of action occurred in 1934, the present action would appear to be time-barred.

 Nor is plaintiff's claim that the trespass is a "continuing trespass" persuasive. This trespass is more in the nature of a "permanent trespass" and it has been held that where the trespass is permanent in nature, the entire cause of action occurs when the original trespass is committed. Rankin v. DeBare, 205 Cal. 639, 271 P. 1050 (1928); Kafka v. Bozio, 191 Cal. 746, 218 P. 753, 29 A.L.R. 833 (1923); Williams v. Southern Pacific R. R. Co., 150 Cal. 624, 89 P. 599 (1907); Bacon v. Glenn, 120 Cal.App. 112, 7 P.2d 718 (1932). As such the cause of action occurred in 1934 when the condemnation proceedings were completed.

While the jurisdictional defects are sufficient for this court to grant defendants' motion to dismiss, the action may also be dismissed on exhaustion and sovereign immunity grounds. Under Section 2675(a) of Title 28,

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

██ Plaintiff alleges that she has complied with the requirements of Section 2675 by negotiating her complaint with the Department of the Interior, National Park Service, said negotiations extending without success for six months prior to this action. Also, copies of correspondence reflecting negotiations undertaken between 1966 and 1969 are attached to plaintiff's answer. However, plaintiff fails to satisfy the requirements of Section 2675(a), since nowhere is it stated that she made a formal claim for money damages to the Department of the Interior. The correspondence does not reflect that she made such a claim. Since she has made no claim to the federal agency and it has not made a final disposition of her re-

quest of this court for $2,000 damages for trespass by defendants, she has failed to exhaust her administrative remedies as required by statute. An administrative claim is required before a suit against the United States may be maintained under Section 2675 and Section 1346(b) of Title 28. Driggers v. United States, 309 F.Supp. 1377 (D.C.S.C.1970).

■ Plaintiff's action is also defective because she failed to gain the consent of the sovereign before bringing her suit. A suit directly involving title of property in which the United States claims an interest is a suit against the United States, which cannot be maintained without its consent. In re Escheat of Monies Deposited in United States District Court for Eastern District of Pa., 187 F.2d 131 (3rd Cir. 1951). The immunity of the government also extends to its agencies, the Department of the Interior and the National Park Service, as well as the officers of these agencies. There is no statutory authority for naming the United States as a party defendant since it has nowhere given its consent to be sued. Therefore, there can be no relief against the United States in the present action. Furthermore, relief can be had against the two individually named defendants only in the event that the officer is exceeding his statutory powers in holding the property claimed by the plaintiff or that his statutory powers are constitutionally void. Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168; Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 and Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191.

In the present case there has been no allegation of either an unconstitutional grant of authority to the named defendants or that they have exceeded the scope of their authority. The Supreme Court in *Larson, supra,* 337 U.S. at 693, 69 S.Ct. at 1463 has clearly spoken about this problem when it stated:

"The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet that requirement. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign. If he is exercising such powers the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented."

Therefore, insofar as this action seeks $2,000 damages for trespass and threats under Section 1346 of Title 28, this action must fail for lack of jurisdiction, since the exception to such claim being brought (Section 2680(a) of Title 28) applies. The claim additionally fails because of the bar of the statute of limitations, failure to exhaust administrative remedies and failure to obtain consent of the government before bringing suit.

Accordingly it is ordered that the motion of the defendant, the United States of America, to dismiss this action as to it and its two named officers, should be and is hereby granted, and it is so ordered.