This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                            **NO. 29,788**

**DAVID GORDON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant argues that double jeopardy principles preclude his separate convictions for trafficking/manufacturing and trafficking/possession with intent to distribute and also preclude his separate convictions for two counts of conspiracy. Additionally, he asserts that his statements to police should have been suppressed because they were involuntary. We reject these arguments and affirm, but remand to correct an apparent error in the judgment and sentence.

**BACKGROUND**

In May 2007, law enforcement officers executed a warrant to search Angelo Smith's home in Alamogordo, New Mexico. The officers encountered Smith outside the home, detained him, and proceeded inside. There, they encountered Defendant and another person and discovered marijuana, cocaine, crack cocaine, drug paraphernalia, and drug manufacturing equipment.

Defendant was searched, and the officers discovered the following in his pockets: 3.5 grams of cocaine, 3.4 grams of crack cocaine, and $590 in cash. Defendant was arrested and, during an interview at the police station, admitted that he and Smith had manufactured crack cocaine. The officers confirmed, through subsequent investigation, that Defendant intermittently resided at Smith's home and paid some of the bills. Defendant was charged with one count of trafficking (manufacturing) in violation of NMSA 1978, Section 30-31-20(A)(1) (2006); one

count of trafficking (possession with intent to distribute) in violation of Section 30-31-20(A)(3); two counts of conspiracy in violation of NMSA 1978, Section 30-28-2 (1979); possession of marijuana; possession of drug paraphernalia; and possession of forfeitable property.

Prior to his jury trial, Defendant moved, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), to suppress his statements to the police on the basis that he was allegedly under the influence of cocaine at the time of the interview and, therefore, did not voluntarily waive his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). The district court denied the motion, and a recording of his statements were played at trial. Defendant was convicted on all counts.

After trial, Defendant filed a motion to dismiss notwithstanding the verdict wherein he argued, citing double jeopardy principles, that the Court should have merged the two trafficking charges and should have merged the two conspiracy charges. As to the trafficking charges, Defendant claimed that "[t]here were not 'sufficient *indicia* of distinctness' necessary to support convictions for both manufacture and for possession with intent to distribute[.]" As to the conspiracy charges, Defendant argued that there was evidence of only one agreement between Defendant and Smith. The district court denied the motion. The court observed that,

as to the trafficking issue, the evidence underlying each charge was distinct: Defendant not only possessed crack cocaine with intent to distribute but also testified that he "was engaged in rocking up some cocaine." Regarding conspiracy, the court noted that the jury had found that Defendant both conspired to possess narcotics and also conspired to manufacture them. Defendant was sentenced and now appeals.

**DISCUSSION**

On appeal, Defendant argues that the district court erred in denying his motion to dismiss and claims that his double jeopardy rights were violated when he was convicted of both trafficking charges and were also violated when he was convicted of both conspiracy charges. He then argues that the district court erred in denying his suppression motion and claims that his statements to the police following his arrest were "neither knowing or voluntary." We begin with the double jeopardy issue.

**Double Jeopardy**

"A double jeopardy claim is a question of law that we review de novo." *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289. "The double jeopardy clause of the fifth amendment, made applicable to the states by the fourteenth amendment due process clause provides: [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." *Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991) (alterations in original) (internal quotation

marks and citation omitted). The United States Supreme Court has previously "stated a tripartite model of the double jeopardy clause: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Id.* Defendant has invoked the last of these three protections.

"In multiple punishment cases there are two types of potential issues: (1) multiple violations of the same statute, referred to as 'unit of prosecution' cases; and (2) violations of multiple statutes, referred to as 'double-description' cases." *State v. Collins*, 2007-NMCA-106, ¶ 18, 142 N.M. 419, 166 P.3d 480 (internal quotation marks and citation omitted). Defendant's arguments concerning the trafficking charges—that he should not have been charged or convicted of two different trafficking charges for the criminal conduct he engaged in—implicates the double description analysis. *See State v. Swick*, 2010-NMCA-098, ¶ 27, 148 N.M. 895, 242 P.3d 462 ("When convictions under separate subsections of a single statute are at issue, we apply the double-description analysis."), *cert. granted*, 2010-NMCERT-010, 149 N.M. 65, 243 P.3d 1147. Defendant's arguments relating to the conspiracy charges—that he should not have been charged or convicted of two identical counts of conspiracy for his conduct—implicates the unit of prosecution analysis. We first

address the trafficking issue and then examine Defendant's conspiracy claims.

**Trafficking**

Defendant incorrectly asserts that the trafficking issue implicates the unit of prosecution analysis. The double jeopardy arguments Defendant raises relate to two different charges of trafficking under different subsections of the statute, so we apply the double description analysis. *Id.* Despite this error, we proceed to the merits of Defendant's claims.

The double description analysis is well settled.

> We address double-description claims using the two-part test set forth by our Supreme Court in *Swafford . . . .* Under *Swafford*, we first examine whether the defendant's conduct was unitary, meaning that the same criminal conduct is the basis for both charges. If the conduct is not unitary, then the inquiry is at an end and there is no double jeopardy violation. If the conduct is unitary, the second prong of the *Swafford* test requires us to determine whether the [L]egislature intended multiple punishments for the unitary conduct.

*State v. Contreras*, 2007-NMCA-045, ¶ 20, 141 N.M. 434, 156 P.3d 725 (internal quotation marks and citations omitted).

Turning to the first prong of our analysis, whether the conduct was unitary, "[t]he proper analytical framework is whether the facts presented at trial establish that the jury reasonably could have inferred independent factual bases for the charged offenses." *State v. Franco*, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104

6

(internal quotation marks and citation omitted).  We examine "the elements of the charged offenses and the facts presented at trial." *Id.* (internal quotation marks and citation omitted).  We apply this framework.

The jury was given different instructions for the two distinct trafficking charges.  On the trafficking/possession with intent to distribute charge, the jury was instructed that the essential elements included the following:  (1) The Defendant had cocaine in his possession. (2) The Defendant knew it was cocaine, believed it to be cocaine.   (3) The Defendant intended to transfer it to another.   As to the trafficking/manufacturing charge, the jury was instructed that the essential elements included: "1. The Defendant manufactured cocaine; 2. The Defendant knew it was cocaine[.]"  We turn now to the evidence presented at trial.

As described above, officers discovered numerous grams of cocaine and crack cocaine on Defendant's person.  At trial, one of the officers was asked about this evidence, and he provided the following information. The specific amount of cocaine in Defendant's pocket, 3.5 grams, is known in the drug trade as an "8 ball."  An 8 ball is approximately 1/8 of an ounce or 3.5 grams.  The street value of an 8 ball is roughly $700.  Possession of an 8 ball is highly indicative of drug distribution as most cocaine is sold in small increments.

There was also evidence presented as to the separate matter of Defendant's role

in the manufacturing of crack cocaine at Smith's house. Smith was not on the premises at the time law enforcement executed the search warrant. No manufacturing was taking place at that time. At trial, however, Defendant acknowledged that during his interrogation he admitted to "cooking." During the State's cross examination of Defendant, the following exchange occurred:

Q:    Let's talk about cooking for a moment. Do you recall hearing your taped statement yesterday?
A:    Yes.
Q:    I want to talk about what you told the police. Do you recall that you told the police that you and [Smith] cooked up or rocked up crack cocaine in that kitchen?
A:    Yes.
Q:    Is that a true statement?
A:    Um. [seventeen seconds of silence] Yes.

We have little difficulty concluding that the jury could have reasonably inferred independent factual bases for the trafficking/possession with intent to distribute charge and the trafficking/manufacturing charge. The facts underlying both charges are completely independent. The possession with intent to distribute charge was supported by evidence that Defendant possessed an amount of cocaine consistent with an intent to distribute. As a separate matter, Defendant admitted to manufacturing crack cocaine with Smith. Accordingly, we conclude that the conduct is not unitary as the charges were based on different and independent criminal conduct. Having reached this conclusion, we need not further address Defendant's double jeopardy

8

claim regarding the trafficking charges. *See Contreras*, 2007-NMCA-045, ¶ 20.

**Conspiracy**

Defendant's presentation of the conspiracy issue is not clear to us. Although Defendant variously refers to the conspiracy issue in his point headings, Defendant actually dedicates only a page and a half of his brief in chief to the specific question he wishes us to review: whether double jeopardy principles precluded the district court from charging or convicting Defendant of two separate counts of conspiracy in violation of Section 30-28-2. Defendant did not submit a reply brief.

In the page and a half dedicated exclusively to the conspiracy issue, Defendant directs us to a number of cases that do not concern double jeopardy. Rather, the cases Defendant cites address whether there was sufficient evidence to support multiple conspiracy charges. Without direction as to what evidence was lacking relating to the agreements underlying the conspiracies, we are unable to evaluate this argument. The one case Defendant does cite that touches on double jeopardy and conspiracy, *State v. Armijo*, 2005-NMCA-010, 136 N.M. 723, 104 P.3d 1114, is inapposite. In *Armijo*, we addressed whether a defendant's "convictions for aggravated assault and conspiracy to commit aggravated assault" violated double jeopardy. *Id.* ¶ 11. Our analysis was limited as the State conceded that the conspiracy charge should be

9

reversed. *Id.* The State correctly observes that Defendant has not attacked the sufficiency of the evidence.

Moreover, we have reviewed Defendant's conspiracy arguments and they remain unclear to us. The argument heading seems to challenge whether any agreement was made, but as we have noted, there is no challenge to the evidence. Whatever points Defendant intended to make, we could not discern them. For this reason, we conclude that Defendant has failed to clearly state or adequately develop the argument that double jeopardy principles precluded charging and convicting him of two conspiracy charges, and we decline to engage in any further review of the issue. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that we do not review unclear or inadequately developed arguments).

**Motion to Suppress**

Finally, Defendant argues that his waiver of his rights under *Miranda*, 384 U.S. 436, was not voluntarily, knowingly, and intelligently given because he was under the influence of cocaine at the time he waived his rights and gave a statement. This argument was initially raised at trial pursuant to *Franklin* and *Boyer*.

"On appeal, we review the [district] court's findings of fact for substantial evidence and review de novo the ultimate determination of whether a defendant

10

validly waived his or her *Miranda* rights prior to police questioning." *State v. Barrera*, 2001-NMSC-014, ¶ 23, 130 N.M. 227, 22 P.3d 1177. "In response to a defendant's motion to suppress a statement made to police, the [s]tate bears the burden of demonstrating by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived the constitutional right against self-incrimination." *State v. Martinez*, 1999-NMSC-018, ¶ 14, 127 N.M. 207, 979 P.2d 718. "The [s]tate must demonstrate that the waiver of rights was the product of a free and deliberate choice . . . and that it was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (internal quotation marks and citation omitted). This Court will "evaluate the totality of the circumstances and the particular facts, including consideration of the mental and physical condition, background, experience, and conduct of the accused, as well as the conduct of the police, in determining whether the [s]tate has successfully carried its burden in demonstrating a knowing and voluntary waiver." *Id.* (internal quotation marks and citation omitted).

The district court held a hearing on Defendant's motion to suppress evidence. Agent Steve Guthrie testified that Defendant appeared to understand the questions, had good memory recall, and did not appear to be under the influence of drugs. Agent Guthrie also testified as to the substance of the warnings given, which included

11

advising Defendant that he could stop answering questions at any time. Defendant also testified at the hearing on the motion, and he recalled the substance of his conversation with the officer over a year earlier. In denying the motion to suppress, the district court recited findings consistent with the evidence before it indicating that Defendant understood his rights under *Miranda* and knowingly, intelligently, and voluntarily waived them. We affirm the denial of Defendant's motion to suppress his post-arrest statement.

**Correction of Judgment and Sentence**

We observe that the district court's "Judgment and Partially Suspended Sentence" entered on July 6, 2009, is inconsistent with the charging documents and the jury's verdict. Count three and four charged Defendant with conspiracy. The jury was correctly instructed regarding counts three and four. The judgment and sentence, however, describes count three as "Trafficking Controlled Substances (Possession with Intent) (Narcotic or Meth) (1st Offense), [Section] 30-31-20(A)(3), a 2nd degree felony" and similarly describes count four as "Trafficking Controlled Substances (Manufacturing) (1st Offense) - Conspiracy, [Section] 30-31-20(A)(1), a 2nd degree felony[.]" Remand is necessary to allow the district court address this inconsistency.

**CONCLUSION**

For the reasons stated, we affirm Defendant's convictions for trafficking in

12

violation of Section 30-31-20(A)(1) and (3), affirm Defendant's convictions for conspiracy in violation of Section 30-28-2, and affirm the district court's denial of Defendant's motion to suppress. We remand this matter to the district court so it can correct the judgment and sentence.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**