Stuart **HEATON** and Augusta Heaton,
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

No. 74 Civ. 3005.

United States District Court,
S. D. New York,

Oct. 21, 1974.

O'Leary & O'Leary, Jamaica, N. Y., by Robert Devine, Jamaica, N. Y., of counsel, for plaintiffs.

Paul J. Curran, U. S. Atty., New York City by Louis G. Corsi, New York City, of counsel, for defendant.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

The complaint in this Federal Tort Claims Act[1] ("FTCA") action comprises two causes of action: the first, on behalf of Stuart Heaton, sets forth a claim for personal injuries allegedly sustained while a patient at a Veterans Administration Hospital, while the second, on behalf of his wife Augusta Heaton, sets forth a claim for loss of services and consortium due to the alleged negligence and malpractice of the VA Hospital in caring for Stuart Heaton. The government has moved to dismiss the second cause of action for lack of subject matter jurisdiction in that Mrs. Heaton failed to file a separate administrative claim for loss of services and consortium with the Veterans Administration, as required by 28 U.S.C. § 2675 (a).

---

1. 28 U.S.C. § 2671 et seq.; 28 U.S.C. § 1346 (b).

A prerequisite to any action brought under the Federal Tort Claims Act (FTCA) for money damages for "injury or loss of property or personal injury or death" caused by the negligence of a federal employee, is the filing of a Notice of Claim with the appropriate federal agency. 28 U.S.C. § 2675(a); 28 C. F.R. § 14. Pursuant to this statutory requirement, Stuart Heaton executed and filed on March 21, 1973 a claim for damages with the Veterans Administration, on Standard Form 95 ("SF–95"). In the space provided on the form for a description of the "nature and extent of injury which forms the basis of this claim", the plaintiff wrote the following:

> "Fracture of right radius and fracture of 3rd lumbar vertebra resulting in pain, discomfort, limitation of motion, inability to remain in one position for an extended period of time."

He indicated that the total amount of the claim for "personal injury" was $100,000. No mention was made on the form of the injuries sustained by Mrs. Heaton—to wit, loss of services and consortium—and the only signature that appears on the line entitled "Signature of Claimant" is that of Stuart Heaton. Nowhere does the signature of Augusta Heaton appear. The above described SF–95 was the only claim for damages filed by either plaintiff with the Veterans Administration.

In response to the government's motion to dismiss her claim for loss of services and consortium, plaintiff contends that there is no obligation to file a separate Notice of Claim on behalf of a wife whose husband has been injured (and who has himself filed a claim), because (1) the language "for injury or loss of property or personal injury or death" contained in § 2675(a) does not encompass an action for loss of services and consortium, or, alternatively, (2)

the completed form, as filed, was sufficient to put the government on notice of her claim.

■ As to the first contention, plaintiffs argue that a claim for loss of services and consortium is not a claim "for . . . personal injury . . .". Rather, they argue that such a claim is *sui generis* and not to be included under the narrow rubric of "personal injury". The filing requirement of § 2675(a), they contend, applies only to those "tort claims" against the United States (see 28 U.S.C. § 2674) which can be categorized as property damage, "personal injury" or "death". The essence of plaintiffs' argument is that an action for loss of services and consortium is a "tort claim", and so can be asserted against the United States, 28 U.S.C. § 2674, but it is not a claim for property damage, personal injury or death, and so need not be preceded by the filing of an administrative Notice of Claim.

Although this is a novel argument, we are not persuaded by it. It has been clearly established that a statutory prerequisite to *any* tort claim against the United States, brought under the FTCA, is the filing of an administrative Notice of Claim. Best Bearing Co. v. United States (7th Cir. 1972) 463 F.2d 1177, 1179; Young v. United States (S.D.Ga. 1974) 372 F.Supp. 736; Mims v. United States (W.D.Va.1972) 349 F.Supp. 839, 845; Turtzo v. United States (E.D.Pa. 1972) 347 F.Supp. 336, 338.

■ Plaintiffs' second argument—that the SF–95 as executed was sufficient to put the government on notice of the wife's claim—must also fall. The relevant state law[2] in this action—that of New York—recognizes a wife's action for loss of services and consortium as an independent action, separate and distinct from the personal injury claim of her spouse. Millington v. Southeastern Elevator Co. (1968) 22 N.Y.2d 498, 293

---

2. 28 U.S.C. § 1346(b) provides that federal district courts shall have exclusive jurisdiction of all Federal Tort Claims Act suits against the United States and that the

United States shall "be liable to the claimant in accordance with the law of the place where the [tort] occurred."

N.Y.S.2d 305, 239 N.E.2d 897. As there stated by Judge Keating,

> "The concept of consortium includes not only loss of support or services, it also embraces such elements as love, companionship, affection, society, sexual relations, solace and more." *Id.* 293 N.Y.S.2d at 308, 239 N.E.2d at 899.

None of these elements were set forth by the plaintiffs on their executed Notice of Claim. Only those injuries allegedly suffered by Mr. Heaton were stated. None of the injuries allegedly suffered by Mrs. Heaton were mentioned. The plaintiffs should have more clearly indicated on the one form the nature of Mrs. Heaton's claim. Simply because Mrs. Heaton's name appeared on the executed SF–95 as Mr. Heaton's wife could not have put the government on notice that she was claiming loss of consortium and services. And most importantly, she did not sign the form as a claimant —only her husband did. Hers was a separate and independent, albeit derivative, claim, and as such, it should have been clearly delineated. Tucker v. United States (D.Md. March 22, 1973) (unreported) Civ. No. 72–1042–M; Barclay v. Bethel (W.D.Mo. March 13, 1973) (unreported) Civ. Action No. 73–CV–32–S; Hartman v. United States (S.D.Ohio, January 7, 1971) (unreported) Civ. No. 4108.

In support of their contention that the SF–95 as executed and filed was sufficient notice to the government of Mrs. Heaton's claim, plaintiffs have directed our attention to the decision in Locke v. United States (D.Hawaii, 1972) 351 F. Supp. 185. That case involved a FTCA suit brought by the husband of a decedent who had died in an Army Hospital. Plaintiff was suing in his own behalf, as executor of his wife's estate and as representative of their three minor children. Prior to commencing the lawsuit, plaintiff had filed a SF–95 with the appropriate agency, listing only himself as claimant. On the government's motion to dismiss the causes of action on behalf of the children, the court held that the Notice of Claim, as filed, constituted a sufficient predicate for suit by the husband on his own behalf, as executor of his wife's estate and as next friend of his minor children, notwithstanding a regulation [3] providing that a claim made by a legal representative must be presented in the claimant's name and must indicate his title or legal capacity.

██ Plaintiffs' reliance on the holding in *Locke* is misplaced. The reason the court was willing to waive the technical deficiencies in the Notice of Claim was because the rights of children were involved. *Id.* at 187. Otherwise,

> "strict reliance on the technicalities of the Regulations would work an injustice on children for whom no proper administrative claim was presented because of the failure or oversight of others." Young v. United States (S.D. Ga.1974) 372 F.Supp. 736, 741.

See also Stokes v. United States (4th Cir. 1971) 444 F.2d 69; Robovsky v. United States (D.Conn.1967) 265 F. Supp. 587; Little v. United States (E. D.Pa.1970) 317 F.Supp. 8. On the other hand, where—as here—an adult's claim is improperly presented, the courts insist on strict compliance with the "technicalities". Gunstream v. United States (C.D.Cal.1969) 307 F.Supp. 366.

For the foregoing reasons, the government's motion to dismiss the second cause of action is granted.

So ordered.

---

3. 28 C.F.R. § 14.3.