**Donald E. RYAN and Violet Ryan, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 76–1356.**

United States District Court, W. D. Pennsylvania.

Oct. 3, 1978.

Koegler & Tomlinson, Pittsburgh, Pa., for plaintiffs.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

COHILL, District Judge.

This is a motion to dismiss the second count of the complaint filed in this case. Judge John L. Miller of this court heard the argument on July 8, 1978, but died before rendering a decision. The case was then assigned to me, and with consent of counsel, I will rule on the matter without further argument.

In this action against the United States under the Federal Tort Claims Act (28 U.S.C. § 2675), Donald E. Ryan and his wife, Violet Ryan, brought separate causes of action for negligent medical treatment and for loss of consortium, respectively. In the complaint, Mr. Ryan alleged that in September and November of 1973 personnel of the United States Public Health Services clinic in Pittsburgh misdiagnosed the throat condition he was experiencing, calling it laryngitis. In January of 1974 he discovered he had been suffering from cancer of the larynx. On November 25, 1974, he submitted a written claim to the United States, as required by the Federal Tort Claims Act, at 28 U.S.C. § 2675; it is undisputed that Mr. Ryan complied with the terms of the act, properly exhausting available administrative remedies before filing suit on his

claim. It is also undisputed that Mrs. Ryan did not file a separate notice of her claim of loss of consortium prior to instituting suit.

The government moves to dismiss Mrs. Ryan's claim for lack of subject matter jurisdiction since administrative remedies were not exhausted.

In oral argument it was brought to the Court's attention that sometime in 1974 Mr. Ryan retained one attorney who apparently began action on this case, but then became ill during 1975 and subsequently passed away early in 1976. The case was transferred to new counsel within sufficient time to institute suit in federal court but too late to pursue an administrative claim on behalf of Mrs. Ryan. New counsel therefore brought suit in two counts, alleging exhaustion of administrative remedies on the basis of Mr. Ryan's administrative claim alone.

During the argument two suggestions on behalf of Mrs. Ryan were made to Judge Miller: (1) that the failure to include Mrs. Ryan's cause of action in the administrative claim be excused because counsel was in failing health and physically unable to file her claim at the time the statute of limitations expired [1]; or (2) that substantial compliance with the statute be recognized since the government would have had constructive notice of a claim on Mrs. Ryan's part by nature of Mr. Ryan's claim.

■ The Federal Tort Claims Act, 28 U.S.C. § 2675(a), provides that:

"An action *shall not* be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, *unless* the claimant shall have first presented the claim to the appropriate Federal agency . . ." (emphasis added)

The courts have read this language literally and it is well-settled that the filing of an administrative claim is a jurisdictional prerequisite to federal suit. *See, e. g., Bialowas v. United States,* 443 F.2d 1047 (3d Cir. 1971); *Kielwien v. United States,* 540 F.2d 676 (4th Cir. 1976); *Wells v. Pinnock,* 463 F.2d 1177 (9th Cir. 1972); *Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa. 1972). This Court has no power to excuse a condition precedent to federal jurisdiction regardless of the reason the condition was not met. In *Dreakwood v. Chestnut Hill Hospital,* 427 F.Supp. 177, 179 (E.D.Pa. 1977), Judge Higginbotham wrote,

"Filing a proper administrative claim is an absolute and unwaiveable jurisdictional prerequisite to filing and maintaining an action under 28 U.S.C. § 2675(a). . . . This court is aware of the severity of plaintiff's injuries. Yet exceptional circumstances do not excuse his failure to exhaust administrative remedies."

■ We are left then only with the request on behalf of Mrs. Ryan that her husband's claim be considered as satisfying the requirement of exhaustion of administrative remedies. We are compelled to follow the reasoning of two district courts, one of them our own, which have rejected identical arguments. In *Mudlo v. United States,* 423 F.Supp. 1373 (W.D.Pa.1976), Judge Snyder of this Court rejected a married woman's contention that the Federal Tort Claims Act does not require a person other than the one directly injured to file a claim, and entered summary judgment in favor of the defendant on the wife's individual claim. 423 F.Supp. at 1375–76. Likewise, in *Heaton v. United States,* 383 F.Supp. 589 (S.D. N.Y.1974), a case even closer to this one, a New York district court dismissed a wife's cause of action for loss of consortium under the Federal Tort Claims Act where only her husband had filed an administrative notice of his claim. Referring to the relevant state law, the court held that since New York considered a wife's action for loss of consortium as an action separate and dis-

---

**1.** Although Mr. Ryan's administrative claim was made in 1974 when his attorney was apparently practicing law actively, the period of limitations for filing did not run out until late in 1975, shortly before the attorney died.

tinct from her husband's personal injury claim, the husband's administrative filing could not be considered sufficient to put the government on notice of the wife's claim, 383 F.Supp. at 590. Further, the court noted:

". . . simply because Mrs. Heaton's name appeared on the executed [form] as Mr. Heaton's wife could not have put the government on notice that she was claiming loss of consortium and services. And most importantly, she did not sign the form as a claimant—only her husband did. Hers was a separate and independent, albeit derivative, claim, and as such, it should have been clearly delineated." 383 F.Supp. at 591.

We can hardly imagine a fact situation closer to the one before us. Under Pennsylvania law, Mrs. Ryan's claim is a separate and individual claim from her husband's. *Nunamaker v. New Alexandria Bus Co., Inc.*, 371 Pa. 28, 32, 88 A.2d 697, 699 (1952). Her claim was not delineated in the administrative notice, nor did she sign the notice or in any way indicate that she intended to bring suit.

If dismissal of the wife's claim in these cases seems a harsh result, we must look to the scope and purpose of the Federal Tort Claims Act for justification. The Federal Tort Claims Act is a statutory exception to the United States' sovereign immunity from suit—an exception by consent of the United States—and "[t]he terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit," *Bialowas v. United States*, 443 F.2d 1047, 1048 (3d Cir. 1971). Further, the requirement of § 2675(a) is aimed at encouraging settlement and avoiding unnecessary litigation. *Robinson, supra*, at 383; *Mudlo, supra*, at 1376. The legislative purpose behind § 2675, as the Sixth Circuit has characterized it, "was not to make recovery from the government technically more difficult. Rather, the purpose was 'to ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims . . . .'" *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 517 (6th Cir. 1974), *citing* S.Rep.No.1327, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News, p. 2515.

Since the government was denied that opportunity to settle Mrs. Ryan's claim administratively, and since the statutory scheme therefore precludes subject matter jurisdiction in this Court, the government's motion to dismiss the second count of the complaint must be granted.

AND NOW, to-wit, this 3rd day of October, 1978, the motion of the defendant, United States of America, to dismiss the second count of the complaint be, and the same hereby is, granted.