**Ralph FOL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 82 Civ. 4707 (MP).

United States District Court, S. D. New York.

Oct. 21, 1982.

Ralph Fol, pro se.

John S. Martin, Jr., U.S. Atty. for S.D. New York by Leona Sharpe, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM

MILTON POLLACK, District Judge.

The defendant has moved on affidavit for a dismissal of the complaint pursuant to Rule 56, Fed.R.Civ.P. on the grounds that plaintiff has failed to pursue threshold administrative remedies under 28 U.S.C. § 2675(a) which are a jurisdictional prerequisite for such a suit as this and on the further ground that this suit is in all events time-barred by the two year statute of limitations provided by 28 U.S.C. § 2401. For the reasons shown hereafter the motion will be granted as wanting in jurisdiction. The facts follow.

The plaintiff filed this suit on July 19, 1982. The event complained of occurred on October 15, 1976, more than two years before this suit was brought. The plaintiff seeks damages from the government for the loss of his wife's services, Sonia Cohen Fol, who suffered injuries allegedly from a swine flu inoculation during the National Swine Flu Immunization Program of 1976.

The plaintiff's wife previously pursued a claim for her own damages by filing an administrative claim on her own behalf on March 15, 1978. Sonia Cohen Fol's claim does not mention any damage claims on the part of Mr. Fol. After her administrative relief was denied, the plaintiff's wife brought suit in federal court and judgment was rendered against her on the merits.

*Cohen v. United States,* 78 Civ. 5168 (S.D. N.Y. April 20, 1982). Mrs. Fol filed an appeal which is pending undetermined.

Both sides agree that the plaintiff had not filed an administrative claim for relief under the Swine Flu Act prior to the commencement of this action. Plaintiff explains his omission to file his own administrative claim for relief by asserting that both he and his wife had instructed their attorney in the initial case to put in a claim for Mr. Fol's loss of services. Moreover, they claim that the government was put on notice with respect to the loss of services claim by the plaintiff's answers to the defendant's interrogatories that were provided sometime in 1979. Judge Sand's decision in the earlier case does not indicate that Mr. Fol's loss of services claim was raised. Plaintiff states that he and his wife only became aware that the loss of services claim had not been litigated after the trial when they appealed. Subsequently, plaintiff brought this action and two months later in September 1982, he claims to have filed his own administrative claim for relief.

■ However, the omission to file an administrative claim before suit is a jurisdictional defect and that is not remedied by the explanation proffered. The filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to bringing a civil action against the United States for damages caused by the negligence or wrongful acts of any employee of the United States. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages or injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ....

*See also Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97,

104 (2d Cir. 1981); *Heaton v. United States,* 383 F.Supp. 589, 591 (S.D.N.Y.1974).

■ The filing of an administrative claim by the recipient of a direct injury is insufficient to put the government on notice of a claim for loss of services on the part of a related adult if the lost services are not mentioned in the claim. *See Heaton, supra,* at 590–91. *See also Hayes v. United States,* 80 Civ. 5481 (S.D.N.Y.1981).

The filing of an administrative claim in September 1982 could not cure the situation because it was not timely. A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). *See also Leonhard v. United States,* 633 F.2d 599, 624 (2d Cir. 1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

Accordingly, summary judgment is granted to the defendant, dismissing the complaint on the merits.

SO ORDERED.