**Richard SWIZDOR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 80–297–C.**

United States District Court, S.D. Iowa, C.D.

Oct. 26, 1983.

Douglas R. Smalley, Riemenschneider, Rydell & Smalley, Des Moines, Iowa, for plaintiff Cathy Swizdor.

Lex Hawkins and George Davidson of Hawkins & Norris, Des Moines, Iowa, for plaintiff Richard Swizdor.

Richard C. Turner, U.S. Atty., George W. Murray, Asst. U.S. Atty., S.D. Iowa, Des Moines, Iowa, for defendant.

## RULING AND ORDER

STUART, Chief Judge.

The Court has before it defendant's motion, filed August 4, 1983, to dismiss the claims of plaintiff Cathy May Swizdor (Cathy) in the above-captioned action. This medical malpractice suit was brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), by plaintiff Richard Swizdor (Richard) on July 25, 1980. On January 28, 1981, Cathy filed an application for joinder as a party plaintiff pursuant to Fed.R.Civ.P. 20, alleging that she was Richard's wife and that she had been deprived of the physical presence, consortium and economic support of her husband as a result of the injuries to Richard described in his complaint. The government filed no resistance to Cathy's joinder, and the application was granted in an Order dated February 11, 1981.

In its present motion, filed well over two years after Cathy's application for joinder, the government asserts for the first time that Cathy's claims must be dismissed because she failed to file a claim with the Veterans' Administration within the two-year period after her claim accrued, as required by 28 U.S.C. §§ 2675(a) and 2401(b). It is unfortunate that the government did not raise this question at the time Cathy applied for joinder, so that she would have had an opportunity to pursue the prerequisite administrative remedy in a timely manner. Although it may seem unjust to even consider the government's motion at this point, the Court has no choice in the matter. The administrative prerequisite to suit set forth in § 2675(a) has been strictly construed and is considered an absolute and unwaivable jurisdictional requirement. *See Ryan v. United States,* 457 F.Supp. 400, 402 (W.D.Pa.1978). Regardless of any

estoppel or laches argument that could be raised by plaintiff in light of the government's delay in raising the exhaustion issue, "[t]his Court has no power to excuse a condition precedent to federal jurisdiction regardless of the reason the condition was not met." *Ibid.* Accordingly, the Court must proceed to consider the government's motion.

Cathy resists dismissal of her claim on the ground that she does not purport to state a separate cause of action from that of Richard. On that basis, she apparently believes that Richard's administrative claim, denied by the Veterans Administration on June 12, 1980, suffices for both her and Richard.

It is clear that Richard's complaint alleges only injuries to Richard. No mention is made of Cathy or of any damages to her resulting from Richard's injuries. The record does not contain a copy of the claim Richard filed with the Veterans Administration, but Cathy does not contend that she joined in that claim or that the claim form made any reference to losses suffered by her.

▆ Cathy's application for joinder asserts two grounds for recovery: (1) loss of consortium, and (2) loss of the economic support formerly provided by her husband. Under Iowa law, the spouse of an injured person has a separate and independent claim for loss of consortium during the period, if any, between the injury and death of the injured person. *Lampe v. Lagomarcino-Grupe Co.*, 251 Iowa 204, 208, 100 N.W.2d 1, 3 (1959); *Acuff v. Schmit*, 248 Iowa 272, 78 N.W.2d 480 (1956). This rule was not changed by the recent Iowa Supreme Court decision in *Audubon-Exira Ready Mix, Inc. v. Illinois Central Gulf Railroad Co.*, 335 N.W.2d 148, 152–53 and n. 2 (Iowa 1983). Federal courts have held that where a spousal consortium claim is an independent claim under state law, the noninjured spouse must file an administrative claim as a prerequisite to pursuing the consortium claim under the FTCA, and the mere listing of a spouse on the injured party's own administrative claim form does not suffice. *See Johnson v. United States*, 496 F.Supp. 597, 601–02 (D.Mont.1980), *aff'd in pertinent part, rev'd in part on other grounds*, 704 F.2d 1431 (9th Cir. 1983); *Stewart v. United States*, 458 F.Supp. 871, 872–73 (S.D.Ohio 1978); *Ryan, supra*, 457 F.Supp. at 402–03; *Heaton v. United States*, 383 F.Supp. 589, 590–91 (S.D.N.Y.1974). Accordingly, Cathy's claim for loss of consortium must be dismissed for lack of jurisdiction.

▆ Iowa law also determines whether Cathy has any claim in her own right for loss of the economic support previously provided by her husband. *See* 28 U.S.C. § 1346(b). Iowa Code § 613.15 provides that a cause of action to recover the value of economic support lost as a result of injury to a spouse lies exclusively with the *injured* spouse. In other words, the injured person is given sole authority under § 613.15 to seek damages for the loss of economic support suffered by his or her entire family as a result of the defendant's negligence. Accordingly, Cathy has no independent claim against defendant in this regard, as it is encompassed in Richard's claim for loss of earnings and earning capacity. Cathy's claim for loss of economic support will therefore be dismissed because she is not the proper person to assert it under Iowa law.

In dismissing Cathy's claim for loss of economic support, it is not the intention of this Court to deprive her of any rights she may have under her divorce decree to a portion of whatever damages Richard may be able to recover for loss of earnings and earning capacity, or to alter any determination by the Iowa District Court that this lawsuit is an asset of Richard and Cathy's marriage. Cathy's entitlement to a portion of any recovery in this lawsuit and the amount of her entitlement, if any, are matters for the Iowa District Court for Polk County to determine pursuant to its divorce decree in the event Richard prevails in this action.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the claims of

plaintiff Cathy May Swizdor be and it hereby is granted.