Betty and Jeff POYNTER, Plaintiff,

v.

UNITED STATES of America
and United States Postal
Service, Defendant.

No. Civ.A. 98–1532.

United States District Court,
W.D. Louisiana,
Shreveport Division.

June 29, 1999.

Robin G. Perrero, Weems Schimpf Shreveport, LA, Mark A Perkins, Perkins & Day, Shreveport, LA, for plaintiffs.

John Robert Halliburton, U.S. Atty's Office, Shreveport, LA, for U.S. and U.S. Postal Service.

## MEMORANDUM RULING

WALTER, District Judge.

Pending before this Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Motion for Summary Judgment pursuant to Rule 56 [docket sheet item 5]. For the reasons assigned herein, Defendants' motion is **GRANTED IN PART AND DENIED IN PART.**

## STATEMENT OF THE CASE

Betty and Jeff Poynter ("Plaintiffs") bring this action against the United States of America and United States Postal Service ("Defendants") for violation of the Architectural Barriers Act [42 U.S.C. § 4151 *et seq.*] and the Rehabilitation Act [29 U.S.C. § 794 *et seq.*]. Plaintiffs also assert a cause of action pursuant to the Federal Tort Claims Act ("F.T.C.A.") as a result of Defendants' alleged failure to maintain its premises in a reasonably safe condition. Mr. Poynter seeks damages under the F.T.C.A. for loss of consortium.

Ms. Poynter is a handicapped female permanently confined to a wheelchair. Her residence is within the service area of the Homer, Louisiana post office, which is not wheelchair accessible. Over a period of years, Mr. and Ms. Poynter allegedly made oral requests that the post office be made wheelchair accessible to facilitate her use thereof. Notwithstanding, at all relevant times, the post office was accessible only by way of a set of concrete steps leading to the front door.

On January 16, 1998, Mr. Poynter wheeled Ms. Poynter up the concrete steps to enter the post office and transact business. While leaving the facility, Mr. Poynter fell down the steps, thereby losing control of the wheelchair occupied by his

wife, who allegedly sustained injuries as a result of her fall from the wheelchair.

### LAW AND ANALYSIS

Rule 12(b)(6) authorizes the dismissal of an action for failure to state a claim upon which relief can be granted. The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994). The Court may not look beyond the pleadings. *Id.* Consequently, dismissal pursuant to Rule 12(b)(6) is appropriate only when "it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Meadowbriar Home For Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir.1996) (citations omitted).

Under Fed.R.Civ.P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.*

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. Of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir.1999). The moving party is not required to negate the elements of the non-moving party's case. *Lawrence*, 163 F.3d at 311. However, where the moving party bears the burden of proof on an issue, it must produce evidence that would, if uncontroverted at trial, warrant a judgment as a matter of law. *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1264-65 (5th Cir.1991), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). In the absence of any proof, the court will not assume that the nonmoving party could or would prove the necessary facts. *Id.*

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2W requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for the purposes of the motion, unless specifically denied." Local Rule 56.2W.

### I. ARCHITECTURAL BARRIERS ACT CLAIM

The Architectural Barriers Act ("Barriers Act") was enacted by Congress in 1968

"to insure that all public buildings constructed in the future by or on behalf of the federal government or with loans or grants from the federal government are designed and constructed in such a way that they will be accessible to and usable by the physically handicapped." *Rose v. United States Postal Service*, 774 F.2d 1355, 1358 (9th Cir.1984) (citations omitted). The United States Postal Service has been designated a standard-setting agency with regard to its buildings "to insure whenever possible that physically handicapped persons will have ready access to, and use of, such buildings." 42 U.S.C. § 4154a.

The Barriers Act and the regulations promulgated pursuant to the same apply to

any building or facility ... the intended use for which will require either that the building or facility be accessible to the public or may result in the employment therein of physically handicapped persons, which is to be:

(1) Constructed or altered by, or on behalf of, the United States after September 2, 1969;

(2) Leased in whole or in part by the United States between August 12, 1968, and December 31, 1976, if constructed or altered in accordance with plans and specifications of the United States;

(3) Financed in whole or in part by a grant or a loan made by the United States after August 12, 1968, if the building or facility is subject to standards for design, construction, or alteration issued under authority of the law authorizing such a grant or loan;

(4) Constructed under authority of the National Capital Transportation Act of 1960, the National Capital Transportation Act of 1965, or title III of the Washington Metropolitan Area Transit Regulation Compact; or

(5) Leased in whole or in part by the United States after January 1, 1977, including any renewal, succeeding, or superceding lease. 41 C.F.R. § 101–19.602(a); *see also* 42 U.S.C. § 4151.

Defendants submit that the Homer, Louisiana post office was constructed in 1935. (Defs.' Stmt. of Uncontested Materials Facts). The post office was constructed under the auspices of the Works Projects Administration. *Id.* Accordingly, because it was constructed prior to the effective date of the Barriers Act, Defendants contend that it does not fall within the meaning of the term "building" as defined by the Barriers Act and thus is not subject to its provisions.

In its opposition, Plaintiffs assert "the Postal Service has offered no evidence or made no claim that it has not been altered since August 12, 1968." (Pls.' Mem. in Opp'n to Defs.' Mot. for Summ.J. at 5). Plaintiffs contend that the Postal Service bears the burden of showing that no material issue of fact exists. Failing to satisfy this burden, Plaintiffs conclude that summary judgment should be denied.

Plaintiffs misapprehend their burden on proof on summary judgment. Defendants—as the parties seeking summary judgment—bear the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. However, the moving party is not required by Rule 56 to negate his opponent's claim. *Id.* Instead, the moving party must merely provide facts or other evidence which brings into question whether the non-moving party can sustain his burden of proof at trial.

Thereafter, the burden shifts to Plaintiffs who must come forward with evidence showing the existence of a genuine issue of material fact. The Supreme Court has unambiguously held that entry of summary judgment is mandated against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–323, 106 S.Ct. at 2552.

■ The burden of proof with regard to most facts rests with the plaintiff who seeks through judicial action "to change the present state of affairs." JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 337, at 428 (4th ed.1992). The court finds no compelling justification to shift the burden of proving this fact to the defendant. First and foremost, allocating to Defendants the burden of proving that the Homer post office is not subject to the Barriers Act would require Defendants to prove a negative. That is, Defendants would have to show that the Homer post office has not been altered since the effective date of the Barriers Act. This circuit generally allocates the burden of proving a disputed fact to the party "affirming its existence and claiming rights or benefits therefrom." *Severin v. Exxon Corp.*, 910 F.2d 286 (5th Cir.1990).

Although the court notes that Defendants may be in a better position to provide facts regarding the issue of alteration, its position is only marginally better. Plaintiffs have at their disposal an arsenal of discovery vehicles by which to ascertain whether the post office has been altered subsequent to the effective date of the Barriers Act. Plaintiffs have not come forward with any allegations of obstruction or undue prejudice which might lead this court to reassess its view of the respective positions of Plaintiffs and Defendants regarding the allocation of the burden of proof on this issue. Accordingly, after weighing all of the various factors affecting the allocation of the burden of proof on this issue, the court holds that—following the general rule—Plaintiffs have the burden of proving that the Homer, Louisiana post office is a "building" as defined by the

Barriers Act and thus subject to the standards prescribed by the act and the corresponding regulations.

In the instant case, it is uncontested that the Homer, Louisiana post office was constructed prior to the time covered by the Barriers Act. *See* Defs.' Stmt. of Uncontested Material Facts; Local Rule 56.2W. Plaintiffs have provided no evidence that the post office was altered subsequent to the effective date of the Barriers Act and have come forward with no other proof sufficient to create a genuine issue of material fact that the post office is a "building" under any of the other definitions of that term as provided by the Barriers Act or the corresponding regulations. Accordingly, Defendants are entitled to a judgment as a matter of law on Plaintiffs' Barriers Act claim.

## II. REHABILITATION ACT CLAIM

Plaintiffs also bring this action against Defendants for violation of the Rehabilitation Act. The act provides, *inter alia*, that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, denied the benefits of, or be subjected to discrimination under any program or activity ... conducted by any executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). The act directs the head of each agency to promulgate such regulations as may be necessary to implement its policies. *Id.* The Postal Service complied with its mandate by drafting and implementing regulations which govern the access of handicapped persons to postal services, programs, facilities, and employment. *See* 39 C.F.R. Part 255.

Defendants contend that they are entitled to summary judgment on Plaintiffs' Rehabilitation Act claim because Plaintiffs failed to exhaust their administrative remedies pursuant to Postal Service regulations. Alternatively, Defendants maintain that Plaintiffs' claim should be dismissed for failure to state a claim upon which

relief may be granted. Plaintiffs insist that they are not required to exhaust administrative remedies in order to bring a claim for failure to provide access to federal buildings. However, if an exhaustion requirement exists, Plaintiffs contend that they have satisfied the requirement.

■ Fifth Circuit jurisprudence does not support Plaintiffs' position that exhaustion of administrative remedies is not required. In *Prewitt v. United States*, the court examined Section 505 of the Rehabilitation Act [29 U.S.C. § 794a], the statute which created the private right of action under 29 U.S.C. §§ 791 and 794. 662 F.2d 292 (5th Cir.1981). The court found that "we must read the exhaustion of administrative remedies requirement of section 501 [29 U.S.C § 791] into the private remedy recognized by both section 501 and section 504 [29 U.S.C. § 794] for federal government handicap discrimination." *Id.* at 304.

Prudential concerns of promoting judicial efficiency and respect for administrative agency authority provide additional support for the court's conclusion. *See McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The regulations provide a detailed process by which complaints are evaluated and remedial action may be considered. The procedure provides for the review of an unfavorable administrative ruling and thereafter for the right to bring an action in the district court. *See* 39 C.F.R. § 255.1(c)(4), (5). Accordingly, exhaustion of administrative remedies under the Rehabilitation Act is appropriate because it provides the plaintiff with the ability to obtain a meaningful remedy while conserving scarce judicial resources and giving the administrative agency a chance to discover and correct its own errors. *Contrast Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir.1980), *vacated on other grounds*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). The purposes and goals of the Rehabilitation Act necessitate that the "agency [ ] be a

participant in the process, not an adversary to it." *J.L. v. Social Security Administration*, 971 F.2d 260, 270 (9th Cir. 1992). "The necessary insight into the operations of the agency is more likely to be generated in useful form through an administrative proceeding than through the adversarial clash of interrogatories, depositions and document productions." *Id.*

■ Plaintiffs alternatively contend that they have satisfied the exhaustion requirement because, on numerous occasions, they complained orally about the post office's inaccessibility to the Homer Postmaster. *See* Exs. A & C, Pls.' Opp. to Defs.' Mot. to Dismiss. Defendants maintain that there is no evidence that any administrative process was ever initiated. Accordingly, the court must determine whether an oral complaint is sufficient to constitute initiation of the administrative grievance process.

39 C.F.R. § 255.1 governs the administrative procedure for claims of discrimination against handicapped persons. It provides, in relevant part, that "[h]andicapped customers who believe that they have been discriminated against in the provision of postal services or programs should file a written complaint with their local postmasters or other local postal official responsible for such services or programs." Plaintiffs emphasize that the word "should" suggests that filing a written complaint is permissive, rather than mandatory. Accordingly, Plaintiffs contend that their oral complaints satisfied the requirements set forth in the regulations. Plaintiffs' argument is unpersuasive. Reading § 255.1 as a whole, the court finds that the language of the regulation contemplates administrative complaints made in writing. Likewise, the efficient and effective management and review of administrative complaints mandate that claims be submitted in written form. Accordingly, as it is undisputed that Plaintiffs failed to file written administrative complaints, Defendants are entitled to a

judgment as a matter of law on Plaintiffs' Rehabilitation Act claims.

## III. FEDERAL TORT CLAIMS ACT CLAIM

Finally, Plaintiffs bring this cause of action pursuant to the Federal Tort Claims Act. Defendants move to dismiss Mr. Poynter's claim for failing to exhaust administrative remedies and Ms. Poynter's claim for failing to state a sum certain on her administrative claim form and to state a meritorious claim. Alternatively, Defendants assert that Plaintiffs' action is barred by the discretionary function exception to the F.T.C.A. Plaintiffs oppose Defendants' motion on all grounds asserted.

■■■ As to Mr. Poynter's claim for consortium, Plaintiffs contend that because liability is derivative of and dependent upon the principal demand for damages, his claim is included in the total monetary amount listed by Ms. Poynter on her administrative claim form. Plaintiffs' position is untenable. Under the F.T.C.A., each person seeking damages must file an individual claim with the appropriate administrative agency. *Bryant v. United States*, 1992 WL 67811 (E.D.La.1992). The primary goal of the procedures established by the F.T.C.A. is to facilitate satisfactory administrative settlements. *Johnson v. United States*, 704 F.2d 1431 (9th Cir.1983). Mr. Poynter's failure to file a claim for loss of consortium precluded the possibility of such settlement. The court notes that the administrative complaint lists Jeff Poynter as a witness. However, where a spouse merely identifies the other spouse on a claim form and that other spouse does not file a separate claim, the jurisdictional requirement is not met. *See Rivera v. United States Army Corps. of Eng'rs*, 1989 WL 38720 (E.D.La.1989). Mr. Poynter cannot presume that his independent claim is automatically raised or implied in the administrative claim of his wife, and there is no indication from the face of the administrative claim form that Mr. Poynter was asserting a claim in his own right. *See id.* Accordingly, as the failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, Defendants are entitled to a judgment as a matter of law as to Mr. Poynter's F.T.C.A. claim. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir. 1989).

■ As to Ms. Poynter's F.T.C.A. claim, Defendants contend that she never filed a valid administrative claim because she failed to specify the total amount of damages. Instead, she stated "$500,000+" as the amount of her claim. Defendants' position is contrary to Fifth Circuit precedent. In *Martinez v. United States*, the Fifth Circuit held that the presentation of an administrative claim "in excess of $100,000" was in reasonable compliance with the "sum certain" requirement of 28 C.F.R. § 14.2. 728 F.2d 694, 697 (5th Cir. 1984). In accordance with *Martinez* and the cases cited therein, the "+" symbol following the "$500,000" damage assessment is deemed surplusage and Plaintiffs' claim reasonably complies with the "sum certain" requirement of the F.T.C.A.

■ Defendants also assert that Ms. Poynter's F.T.C.A. cause of action must be dismissed for failure to state a claim. Liability under the F.T.C.A. arises only when the law of the state would impose it. *Johnson v. Sawyer*, 47 F.3d 716 (5th Cir. 1995). The F.T.C.A. was not intended to redress breaches of federal statutory duties. *Id.* at 727 (citations omitted). Accordingly, the court must look to Louisiana law to determine whether Ms. Poynter has stated a claim under the F.T.C.A.

■ Louisiana courts utilize the duty/risk analysis in determining liability. *Hill v. Lundin*, 260 La. 542, 256 So.2d 620 (1972); *see* Galligan, A Primer on the Patterns of Negligence, 53 La.L.Rev. 1509 (1993). Under Louisiana law, Defendants have a duty to exercise reasonable care. The duty of an occupier of a premises to an invitee is to exercise that care for the safety of an invitee in a manner commensurate with the particular circumstances

involved. *Socorro v. City of New Orleans,* 579 So.2d 931, 939 (La.1991). In the case *sub judice,* Defendants were proprietors of a business which operates as the sole medium for the delivery of written correspondence for the vast majority of citizens. The evidence indicates that, on occasion, Ms. Poynter may have been required to enter the premises of the post office to pick up or sign for her mail. *See* Exs. A & C, Pls.' Opp. to Defs.' Mot. to Dismiss. Accordingly, Defendants had a duty to exercise reasonable care for the safety of its patrons, including Ms. Poynter. The legal duty to use reasonable care is designed precisely to protect against the risk of harm associated with unsafe premises. The affidavits of Mr. & Ms. Poynter assert facts sufficient to generate a genuine issue of material fact on the issue of causation. Likewise, a genuine issue of material fact exists as to whether Defendants breached their duty to exercise reasonable care under the circumstances. Accordingly, Ms. Poynter states a claim for relief under Louisiana law.

Finally, Defendants contend that Plaintiffs' F.T.C.A. claims are barred by the discretionary function exception to the F.T.C.A. 28 U.S.C. § 2680(a) provides an exception to the general waiver of sovereign immunity under the F.T.C.A. Under the discretionary function exception, the government is not liable for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "Congress fashioned this exception to prevent judicial 'second-guessing' of decisions made by government officials which are essentially grounded in 'social, economic, and political policy.'" *Chantal v. United States,* 104 F.3d 207 (8th Cir.1997) (citations omitted). In the case *sub judice,* the exception may apply to the choice between two appropriate vehicles to achieve compliance with Defendants' duty. *See id.* However, under the law of the state of Louisiana, Defendants do not have the discretion to disregard that duty and act without reasonable care. Although the breach of that duty is a question of fact to be resolved at trial, the existence of that duty is not subject to the discretionary function exception. The challenged acts "are [not] the kind that the discretionary function exception was designed to shield." *See United States v. Gaubert,* 499 U.S. 315, 322–23, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991). Accordingly, Defendants are not entitled to a judgment as a matter of law as to Ms. Poynter's F.T.C.A. claim.

### ORDER

For the reasons assigned in the foregoing Memorandum Ruling, **IT IS ORDERED** that Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Motion for Summary Judgment pursuant to Rule 56 [docket sheet item 5] is **GRANTED IN PART** by dismissing: (1) Plaintiffs' claims under the Architectural Barriers Act and the Rehabilitation Act and (2) Mr. Poynter's claim under the Federal Tort Claims Act.

Defendants' motion is hereby **DENIED** in all other respects.