ESTATE of Geraldine MILLER, and
Jessica Williams, Plaintiffs,

v.

UNITED STATES of America,
and Marion County Care
Facility, Defendants.

No. CIV. 4–00–CV–10709.

United States District Court,
S.D. Iowa,
Central Division.

July 17, 2001.

---

Randal J Giannetto, Mowry & Irvine, Marshalltown, IA, James W Carney, Carney Appleby & Brewick PLC, Des Moines, IA, for Geraldine Miller, Jessica Williams, plaintiffs.

Craig Peyton Gaumer, United States Attorney, Des Moines, IA, for U.S., defendant.

Thomas J Logan, Hopkins & Huebner, Des Moines, IA, for Marion County Care Facility, defendant.

### ORDER

LONGSTAFF, Chief Judge.

THE FOLLOWING THREE MOTIONS are pending before the Court: 1) a motion to dismiss plaintiff's consortium claim, filed by defendant United States of America on March 2, 2001; 2) plaintiff's motion for reconsideration, filed May 8, 2001; and 3) the United States' motion to strike jury demand, filed June 7, 2001. All motions have been resisted and are fully submitted.

## I. BACKGROUND

The decedent, Geraldine Miller, resided in the Marion County care Facility ("MCCF") in Knoxville, Iowa, from an unknown date to December 29, 1996. During the week preceding December 29, 1996, Ms. Miller became increasingly ill and was transferred to the Veterans Administration Medical Center ("VAMC") in Knoxville.

John Allen, M.D., an employee of VAMC, made an admitting diagnosis and ordered medication. Plaintiffs allege, however, that after Dr. Allen's initial diagnosis, Ms. Miller was left unattended for approximately eight hours, when she was found dead in her hospital bed.

Plaintiffs filed an initial action in this Court on December 29, 1998, seeking relief from the United States under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Plaintiffs also alleged a claim of common law negligence against MCCF. *See The Estate of Geraldine Miller v. United States of America,* No. 98–CV–10692 (S.D.Iowa 1998). On the same date, plaintiffs filed an administrative tort claim with the United States Department of Veterans Affairs.

On March 1, 1999, the United States filed a motion to dismiss the 1998 action, arguing that to properly commence a district court action under the FTCA, plaintiffs were required to file an administrative claim at least six months prior to filing the lawsuit. Plaintiffs did not respond to the motion, and on May 24, 1999, this Court dismissed the United States from the action without prejudice. The remaining defendant, MCCF, later was dismissed and the case terminated on July 1, 1999, for failure to submit a Rule 16 Scheduling Order.

Plaintiffs filed the present action on December 27, 2000, alleging the same claims set forth in the earlier action. On April 12, 2001, this Court granted MCCF's motion to dismiss, finding plaintiffs' claims against it were time barred under Iowa Code § 614 .1(2), which requires that actions arising out of personal injuries must be brought within two (2) years of the occurrence of the injury.

## I UNITED STATES' MOTION TO DISMISS

The United States has filed its present motion to dismiss Jessica Williams' loss of consortium claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the United States contends this Court lacks jurisdiction over Ms. Williams' consortium claim because she failed to properly submit the claim to the appropriate federal agency within two years of the date her cause of action accrued, as required under 28 U.S.C. § 2675(a). Alternatively, the United States argues that even if the Court were to find a consortium claim was submitted within the appropriate time period, the document plaintiff filed failed to request a sum certain, pursuant to 28 U.S.C. § 2401(b).

### A. Governing Law

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993) (citing *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990)) (additional internal citation omitted). If the moving party challenges the complaint on its *face,* all of the factual allegations relevant to the jurisdictional issue are presumed true, and the district court will only dismiss the complaint if the plaintiff has failed to allege an element necessary to support subject matter jurisdiction. *Id.*

 If, as in the present case, the defendant makes a factual attack on the jurisdictional allegations, the court does not presume the factual allegations to be true. *Osborn,* 918 F.2d at 729 n. 6 (internal citation omitted). In fact, it is the burden of the plaintiff, or non-moving party, to prove that subject matter jurisdiction exists by a preponderance of the

evidence. *Id.* at 729–31. To make this determination, the district court may consider matters outside of the pleadings, including affidavits and deposition testimony. *Titus,* 4 F.3d at 593 (citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)).

### B. Whether This Court Has Jurisdiction over Plaintiffs' Consortium Claim

#### 1. Whether Plaintiff Properly Submitted Claim to Agency

The FTCA provides in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). "The administrative prerequisite to suit set forth in § 2675(a) has been strictly construed and is considered an absolute and unwaivable jurisdictional requirement." *Swizdor v. United States,* 581 F.Supp. 10, 11 (S.D.Iowa 1983) (Stuart, J.); *see also Bellecourt v. United States,* 994 F.2d 427, 430 (8th Cir.1993) (FTCA is a limited waiver of sovereign immunity requiring strict compliance).

In support of its argument that plaintiffs did not properly preserve Jessica Williams' consortium claim, the United States has submitted a photocopy of the administrative claim filed with the Department of Veteran Affairs, signed by Jessica Williams as Administrator of Geraldine Miller's Estate, and dated December 29,

1998. *See* Exhibit 1 to United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Exhibit 1"). Under the heading, "Amount of Claim," the claim form lists the following alleged damages: "Property damage: $0.00"; "Amount for personal injury: $0.00;" "Amount for wrongful death: $150,000.00;" and "Total amount claimed: $150,000.00." Exhibit 1 at 1. The claim form does not specify loss of consortium as a form of damage in this heading, nor does it request a specific damage amount for loss of consortium. In a subsequent portion of the form, in a paragraph entitled, "Personal injury," the claim states as follows: "(a) Nature of injury: Wrongful death; (b) Extent of injury: Loss of value of estate; Loss of parental consortium; and Physical and mental pain and suffering to decedent prior to death." Exhibit 1 at 2.

Plaintiffs do not dispute the validity of Exhibit 1, nor do they argue a separate claim was submitted on behalf of Jessica Williams, individually. Rather, plaintiffs contend that because they *referenced* loss of consortium in the administrative claim filed on behalf of the Estate, and discussed the claim with agency representatives during settlement negotiations, plaintiffs are in substantial compliance with § 2675(a) and jurisdiction in this Court is appropriate.

■ This Court does not agree. Ms. Williams' right to recover loss of parental consortium is governed by Iowa law. *See* 28 U.S.C. § 1346(b) (federal district courts vested with subject matter jurisdiction over certain claims against the United States "... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place."); *see also*

*Swizdor*, 581 F.Supp. at 12 (finding Iowa law governed right of ex-spouse of injured plaintiff to recover for loss of consortium of spouse under FTCA). Under Iowa law, a child's claim for loss of consortium is an independent cause of action. *Swizdor*, 581 F.Supp. at 12; *see also Bloomquist v. Wapello Cty.*, 500 N.W.2d 1, 8 (Iowa 1993) (citing *Audubon–Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R.*, 335 N.W.2d 148, 151–52 (Iowa 1983)). For this reason, under circumstances remarkably similar to the case at bar, both *Swizdor* and *Bloomquist* found the district court was without jurisdiction to hear a loss of consortium claim when a separate claim had not been timely submitted to the appropriate agency. *Swizdor*, 581 F.Supp. at 12 (dismissing ex-spouses claim for loss of consortium when ex-spouse failed to submit claim to administrative agency); *Bloomquist*, 500 N.W.2d at 8 (Iowa 1993) (affirming district court's dismissal of childrens' loss of consortium claims for failure to file separate administrative claims).[1]

As noted above, plaintiffs contend that because the agency was placed on notice of a loss of consortium claim, both from the reference made in the Estate's administrative claim and settlement negotiations, this Court should find they adequately preserved Ms. Williams' claim. A similar argument was raised and rejected in *Bloomquist*:

> It is argued on behalf of the children that the practical purpose of the notice under the statute is to give the State an opportunity to meet the claim, and it was clear from the State's denial of any liability that it would not have done any good to identify separate claims. *We believe that in view of the fact that*

---

1. The Court notes *Bloomquist* was filed under the Iowa Tort Claims Act. The court noted, however, that the Iowa statute was "quite similar" to the FTCA, and relied in part on

federal law in reaching its holding. *Bloomquist*, 500 N.W.2d at 8 (citing *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893 (6th Cir.1986)).

*consortium claims are separate claims under Iowa law it is incumbent on the claimant to first file a claim before the proper administrative agency, even if as a practical matter it would not have changed the State's approach to the case. Under Iowa law, a child's claim for loss of consortium is an independent cause of action.*

*Bloomquist,* 500 N.W.2d at 8. Following *Swizdor, Bloomquist,* and several other federal and state courts, this Court finds that Ms. Williams' claim for loss of parental consortium must be dismissed for lack of subject matter jurisdiction.[2] *Swizdor,* 581 F.Supp. at 12; *Bloomquist,* 500 N.W.2d at 8; *see also Manko v. United States,* 830 F.2d 831, 840 (8th Cir.1987) (court held consortium claim time-barred under section 2401(b), but noted spouse must file separate claim); *Rucker v. United States Dep't of Labor,* 798 F.2d 891, 893 (6th Cir.1986) (failure to raise separate administrative claim prevents district court from having jurisdiction over consortium claim); *Poynter v. United States,* 55 F.Supp.2d 558, 564 (W.D.La.1999); *Du-Pont v.. United States,* 980 F.Supp. 192, 196 (S.D.W.Va.1997) (same).

 2. Whether dismissal nevertheless appropriate for failing to Request sum certain

In view of the Court's determination above, there is no need to address the United States' alternative argument that plaintiff failed to ask for a sum certain.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration of this Court's April 12, 2001 Order dismissing her claim against defendant Marion County as time barred under Iowa Code § 614.2(1).

### A. Governing Law

■ "The Federal Rules of Civil Procedure do not provide" for a motion to reconsider, *Sanders v. Clemco Indus.,* 862 F.2d 161, 170 (8th Cir.1988), and such motions ordinarily are discouraged by the courts. Rather, a party seeking relief from a final judgment may file a motion to alter or amend judgment, pursuant to Rule 59(e), or a motion for relief from judgment due to mistake or other reason under Rule 60(b). Because the Court has not entered judgment in the present case, plaintiffs' motion in the present case is more appropriately analyzed under Rule 60(b).

■ Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order or proceeding due to, among other things "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). "Under Rule 60(b), the movant must demonstrate exceptional circumstances to justify relief." *Brooks v. Ferguson–Florissant Sch. Dist.,* 113 F.3d 903, 904 (8th Cir.1997) (citing *Atkinson v. Prudential Prop. Co.,* 43 F.3d 367, 371 (8th Cir.1994)).

In the present case, plaintiffs contend the Court erred in concluding that the two-

---

**2.** The Court notes that Ms. Williams' loss of consortium is now time-barred pursuant to 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); *see also Clifford by Clifford v. United States,* 738 F.2d 977, 980 (8th Cir.1984) ("In a death case [under the FTCA] ... it is fair for the claim to accrue at the time of death.").

year limitations period set forth in Iowa Code § 614.1(2) applied to plaintiffs' claim against MCCF, and misunderstood the arguments raised by plaintiffs in their resistance brief. Specifically, plaintiffs challenge the Court's finding that plaintiffs did not dispute the applicability of section 614.1(2) to their claim. *See* April 12, 2001 Order at 3, 6 n. 2.

The Court has reviewed the two-page resistance and four-page memorandum filed by plaintiffs in response to MCCF's motion to dismiss, as well as their submissions with regard to the present motion, and declines to alter its holding. Plaintiffs admittedly state on page one of their original resistance that: *"Jurisdiction* in the federal district court of Plaintiff's claim ... is not governed by Section 614.1(2), Code of Iowa." (Emphasis added). Section 614.2(1) is not a jurisdictional statute, however, and arguing that *jurisdiction* is not based on section 614.2(1), a premise with which this Court agrees, is not equivalent to arguing that plaintiffs' claim for wrongful death does not fall within the *scope* of section 614.2(1)'s two-year limitations period.

Regardless of whether this Court properly understood and/or characterized plaintiffs' argument, the fact remains that this Court's decision to exercise jurisdiction over plaintiffs' state law claim depended on 28 U.S.C. § 1367, and caselaw interpreting the statute. Plaintiffs' own conduct prevented them from preserving their claim against MCCF prior to the running of the limitations period: They not only failed to file a protective action in state court against MCCF within thirty days of this Court's April 1999 order dismissing the United States from the 1998 action, but also allowed MCCF to be dismissed from the 1998 action on a procedural technicali-

ty. Absent a basis on which to find the statute should be equitably tolled, this Court cannot "provide a forum for [plaintiffs'] state law claims where none existed." *Holmes v. Strawbridge & Clothier, Inc.,* No. Civ. A. 94–1999, 1994 WL 649156 at *3 (E.D.Pa Nov. 16, 1994).

## III. UNITED STATES' MOTION TO STRIKE

 Lastly, on June 7, 2001, the United States filed a motion to strike plaintiffs' jury demand. The sole claim remaining in this action, the Estate's wrongful death claim, is brought under the FTCA. Section 2402 of this Act provides: "Any action against the United States under section 1346 shall be tried by the court without a jury ...." 28 U.S.C. § 2402.[3] *See also United States v. Neustadt,* 366 U.S. 696, 701 n. 10, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). ("There is no right to a jury trial under the Tort Claims Act."). The only exception provided is for an action under section 1346(a)(1) for recovery of erroneous or illegal assessment or collection of internal revenue taxes, which is inapplicable in the present case. *See* 28 U.S.C. § 2402. Accordingly, the United States' motion to strike is granted.

## IV. CONCLUSION

For the reasons outlined above, the United States' March 2, 2001 motion to dismiss plaintiffs' parental consortium claim is granted; plaintiffs' May 8, 2001 motion to reconsider is denied; and the United States' June 7, 2001 motion to strike is granted.

IT IS ORDERED.

---

**3.** As noted in section II above, 28 U.S.C. § 1346 vests this Court with jurisdiction over the Estate's FTCA claim.